**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PRESTON CATCHINGS,<br>    Plaintiff | ) | |
| | ) | |
| | ) | **C.A. No. 04-353 Erie** |
| vs. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| LT. STATES, et al., | ) | |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [Document # 12] be granted.

It is further recommended that the remainder of this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) due to Plaintiff's failure to state a claim against them.

**II.     REPORT**

**A.      Introduction**

*Pro se* Plaintiff Preston Catchings, an inmate incarcerated within the State Correctional system, filed this action on November 19, 2004, pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that on November 11, 2004, while he was incarcerated at the State Correctional Institution at Albion, he was subjected to a cell search and strip search and that he was injured during the searches.  Plaintiff further alleges that his subsequent requests for medical treatment were ignored.  Additionally, Plaintiff alleges that he was denied his legal mail (from this Court in another pending case).  As relief, Plaintiff requests monetary compensation.

Presently before this Court is Defendants' motion for summary judgment.  Defendants argue that Plaintiff's claims stemming from the November 11, 2004 cell search and resulting denial of medical treatment should be dismissed because he has failed to exhaust his

administrative remedies.  Inexplicably, Defendants do not move for summary judgment as to
Plaintiff's access to courts claim.  Plaintiff has filed an Brief in Opposition.


###   B.      The Standards of Review

####   1.      *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards
than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim
if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim
which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting
Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state
a valid claim on which the litigant could prevail, it should be done so despite failure to cite
proper legal authority, confusion of legal theories, poor syntax and sentence construction, or
litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982);
United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared
by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith
v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections,
949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe
all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d
Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.
12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.
1990)(same).


####   2.      Motion for summary judgment pursuant to Fed.R.Civ.P. 56

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted
if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to any material fact and that the
moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when
a motion for summary judgment is made and supported, "an adverse party may not rest upon the

mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v.

3

DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the

dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.


### 3.    Failure to state a claim under the PLRA

The Prison Litigation Reform Act provides that:

> (a) Screening - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to sua sponte dismiss

a complaint which fails to state a claim, but is required to do so.  Nieves v. Dragovich, 1997 WL

698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at

28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either

on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are

frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory  provisions with respect to actions brought by

prisoners who are proceeding *in forma pauperis*.  See 28 U.S.C. §1915(e)(2)[1].  Under this

provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to

state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v.

Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28

---

[1] Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

The court's obligation to dismiss a complaint under the PLRA is not excused even after the defendants have filed a dispositive motion if it appears that the complaint fails to state a claim based upon grounds not raised by the defendants in their motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); Palay v. United States, 125 F.Supp.2d 855, 860 (N.D. Ill. 2000).

###### C.      The Exhaustion Requirement of the Prison Litigation Reform Act

Defendants argue as the sole basis for their motion for summary judgment that the case

should be dismissed because Plaintiff has failed to exhaust his administrative remedies in

accordance with the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of
> this title ... by a prisoner confined in any jail, prisons, or other correctional
> facility *until* such administrative remedies as are available are exhausted.

Id. (italics added).  The Prison Litigation Reform Act of 1995 ("PLRA") prohibits an inmate

from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison

officials until after the inmate has exhausted available administrative remedies. 42 U.S.C. §

1997e(a) (2001); Oliver v. Moore, 2005 WL 1988996, at * 2 (3d Cir. Aug 18, 2005).   "The

PLRA was enacted with a two-fold purpose: to limit the number of prison condition lawsuits

then flooding the courts and to return control over prison policies and decision-making to local

prison officials."  DeHart v. Horn, 390 F.3d 262, 273 (3d Cir. 2004) citing Porter v. Nussle, 534

U.S. 516, 524-25 (2002).

The requirements that an inmate exhaust administrative remedies applies to all inmate

suits regarding prison life, including those that involve general circumstances as well as

particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton, 306

F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion

must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144

(1992).  Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust

all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136

(Unpublished Opinion) (10th Cir. May 8, 1997).[2]   A plaintiff need not affirmatively plead

---

2  Importantly, a plaintiff's failure to exhaust his administrative remedies does not
deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d
Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional
requirement, such that failure to comply with the section would deprive federal courts of subject
matter jurisdiction.").

exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant.  Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the recent Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion").  There is no "futility" exception to the administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

### D.     The Procedural Default Component

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context.  Spruill v. Gillis,  372 F.3d 218, 228-229 (3d Cir. June 18, 2004).[3]  The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting §
> 1997e(a)'s exhaustion requirement to include a procedural default component.
> Based on our earlier discussion of the PLRA's legislative history, [...] Congress
> seems to have had three interrelated objectives relevant to our inquiry here: (1) to
> return control of the inmate grievance process to prison administrators; (2) to
> encourage development of an administrative record, and perhaps settlements,
> within the inmate grievance process; and (3) to reduce the burden on the federal
> courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is
> better served by interpreting § 1997e(a)'s exhaustion language to include a
> procedural default component than by interpreting it merely to require
> termination of all administrative grievance proceedings.

Id.  Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural

---

3 There is an emerging split of authority among the Circuits on this issue.  Compare Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

default." Id. at 231.

### E.    Exhaustion and Procedural Default applied

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator, who responds in writing. Second, the inmate must timely submit a written appeal to intermediate review, and again the inmate receives a written response. Finally, the inmate must submit a timely appeal to the Central Office Review Committee, and the inmate will receive a final determination in writing. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001). This process may take several weeks, if not months.

In support of their motion for summary judgment, Defendants have provided evidence detailing Plaintiff's attempts at exhaustion. In Grievance # 102053 filed on November 17, 2004, Plaintiff complained of the physical mistreatment by several guards during the searches. Document # 12, Exhibit B.[4] In Grievance # 107264, Plaintiff complains about the denial of medical treatment following the November 11th injuries.[5] Id. at Exhibit A.

Pursuant to the case law interpreting the PLRA, the exhaustion of available administrative remedies is a prerequisite to the filing of a federal lawsuit. Oliver; Nyhuis. In this case, Plaintiff complains of events which occurred on November 11, 2004 and Plaintiff filed this lawsuit on November 19, 2004. Plaintiff could not have exhausted his administrative remedies before the filing of this lawsuit. Therefore, summary judgment should be granted in

---

[4] Plaintiff filed his initial grievance and an appeal to the Warden, however, his final appeal to the Office of the Chief Hearing Examiner was rejected on January 10, 2005, for technical reasons (the failure to provide copies of the underlying grievance and appeals). Document # 12, Exhibit B.

[5] The record presently before this Court is not clear as to when exactly the grievance was filed. Plaintiff did pursue an appeal of the denial of the initial grievance to the Warden which was finally rejected on March 15, 2005. Document # 12, Exhibit A.

favor of Defendants on these claims.

Defendants have not addressed the access to courts claim.  However, the same exhaustion analysis applies.  The withholding of legal mail of which Plaintiff complains allegedly occurred on November 14, 2005.  Plaintiff could have not exhausted his administrative remedies before the filing of this lawsuit on November 19, 2005.  Therefore, this claim should be dismissed pursuant to this Court's authority under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim.[6]

## III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion for summary judgment [Document # 12] be granted.

It is further recommended that the remainder of this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) due to Plaintiff's failure to state a claim against them.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. _____


                                                                S/ Susan Paradise Baxter
                                                                SUSAN PARADISE BAXTER
                                                                Chief United States Magistrate Judge


Dated:  September 30, 2005

_____

[6]  This Court notes that Plaintiff's pleadings are difficult to decipher.  To the extent that this *pro se* Plaintiff is attempting to raise any other claim, such should be denied for failure to exhaust administrative remedies.